NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3279

SUZANNE L. PORTER,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  December 29, 2006

_____

Before NEWMAN, MAYER, and BRYSON, Circuit Judges.

NEWMAN, Circuit Judge.

Suzanne L. Porter appeals the decision of the Merit Systems Protection Board, Docket No. DC315H030146-C-1, dismissing as untimely filed her petition for enforcement seeking waiver or compromise of overpayment.[1]  We conclude that the Board's ruling was

---

1    Porter v. Department of Defense, 98 M.S.P.R. 461, ¶26 (2005) (M.S.P.B. Docket No. DC-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-I-2).

arbitrary and an abuse of the Board's discretion. Accordingly, we reverse the dismissal of her petition and remand for a hearing on the merits.

BACKGROUND

Ms. Porter had been a federal employee for fourteen years when she obtained the position of auditor with the Department of Defense ("DOD") in 2001. Upon joining DOD she was told that her employment was subject to a one-year probationary period. After ten months in this position, she resigned. Ms. Porter then filed an appeal to the Board stating that her resignation was involuntary. The agency argued that as a probationary employee she had very limited appeal rights, none of which applied.

On appeal the Board confirmed that the one-year probationary period did not bar her appeal rights, which rights are based on her total federal service and are not lost by transfer to a new position or a different agency. See McCormick v. Department of the Air Force, 307 F.3d 1339 (Fed. Cir. 2002) (designation as an "employee" under 5 U.S.C. §7511(a)(1)(A)(ii) is based on continuous federal service despite change of employing agency or to a position with probationary status). The Board held that her resignation was indeed involuntary, on the ground that the DOD did not provide her with correct information that would have enabled her to make an informed decision whether to resign. By order dated March 25, 2005 the Board held that Ms. Porter was entitled to lost pay during her 19-month separation from federal employment, until she was employed by a different agency (the National Institutes of Health). The Defense Finance and Accounting Service ("DFAS") of the DOD duly sent Ms. Porter payments for backpay totaling $51,122.99.

On June 30, 2005 the DFAS informed Ms. Porter that they had overpaid her by $30,148.00, and that this amount must be remitted within 30 days. The letter stated that

the overpayment arose became the agency had inadvertently failed to account for wages earned and unemployment payments to Ms. Porter during her 19-month separation from federal service. The letter from DFAS explained the procedures for obtaining waiver of overpayment for good cause, told her who to contact with any questions, and included the Internet site for the form to request waiver by DOD of all or part of the overpayment. The following day, July, 1, 2005, DOD notified Ms. Porter that it had fully complied with the Board's March 25, 2005 decision. Within a month of the final DFAS payment Ms. Porter filed the waiver form with DOD, in accordance with the instructions. She received no response to this filing. The DOD started to garnish her wages from the National Institutes of Health, in the amount of $289.42 per month.

On December 16, 2005 Ms. Porter filed a "petition for enforcement" with the MSPB, objecting to the garnishment and again requesting waiver. In a supplemental petition filed January 10, 2006 she alleged hardship in the total amount, and made an offer of compromise. In its response to the petition the DOD argued, inter alia, that Ms. Porter's petition to the MSPB was untimely because it was not filed within 30 days of the DFAS initial notice of overpayment on June 30, 2005. Ms. Porter replied that she had submitted the form requesting waiver to DOD within a month of the overpayment, and only after it became clear that the DOD would not answer her request did she seek to proceed before the Board. Her "petition for enforcement" was filed four and a half months after the DFAS notice of overpayment.

The administrative judge held that the petition was untimely and that Ms. Porter failed to show good cause for the delay, stating that "[i]t was plainly unreasonable for the appellant to believe that filing a form requesting waiver of her debt with [DOD] was

equivalent to filing a [petition for enforcement] with the Board." The full Board denied review, and this appeal followed.

DISCUSSION

The Board's decision must be affirmed unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. §7703(c) (2000); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

The Board's regulations require that a petition for enforcement be filed within 30 days of the date of service of the agency's notice that it has complied with the Board's order, 5 C.F.R. §1201.182(a); the Board's March 25, 2005 order advised Ms. Porter of that 30-day requirement. Accordingly, her petition for review was due for filing within 30 days of the service of the July 1, 2005 notice from the DOD advising her that it had complied with the Board's order. Her petition for enforcement, filed on December 16, 2005, was therefore untimely. Under the circumstances, however, we conclude that the Board abused its discretion by failing to find good cause for the delay.

The agency's June 30, 2005 notice of overpayment provided instructions for requesting a waiver of the requirement that she repay the overpayment, and she diligently pursued that avenue of relief. However, DOD did not respond to the request, and instead started to garnish her wages. While a waiver proceeding before the agency is distinct from an enforcement proceeding, it was reasonable for Ms. Porter, who was pro se, to conclude that the need for recourse to the MSPB would not arise until and unless DOD denied her request for waiver or until it became apparent that the DOD was not going to respond to her

waiver request. The DOD's silence is unexplained in the record provided. It was not unreasonable for the petitioner to wait for the agency's response to her waiver request, before taking a litigation-type step of filing a petition for enforcement. We therefore conclude that Ms. Porter showed good cause for the delay in filing the petition.

We take note that neither the notice from DFAS stating that it had made an error, nor the letter from DOD stating that it had fully complied, gave notice of a 30-day period for filing a petition with the MSPB. None of the correspondence between the agency and Ms. Porter made it clear that if she wished to contest the debt, she needed to file a prompt petition with the MSPB even if she took advantage of the opportunity to request a waiver. Since the grant of a waiver would have obviated the need for enforcement proceedings, it was reasonable for Ms. Porter to assume that initiating enforcement proceedings could wait for the agency's decision on the waiver request if she made such a request on a timely basis, which she did. In light of the miscalculation by DFAS of the payment, DOD's notice of full compliance, Ms. Porter's prompt filing of the waiver request, and DOD's failure to respond; and taking cognizance of Ms. Porter's pro se status and the absence of notice to her of the time limit for filing with the Board, we conclude that the Board's holding that good cause for the delay had not been shown was an abuse of Board discretion. We reverse the dismissal, and remand for determination of the merits of her petition.